IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
APR 30 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT A. WICKERSHAM and CATHERINE H. WICKERSHAM, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No.: CV-02-PT-429-E |
| LOOPO, INCORPORATED, ADAPTIVE MOBILITY SERVICES, INC., AIB FINANCIAL GROUP, INC., MILES KIMBALL COMPANY, et al. ) ) ) ) ) ) | |
| Defendants. ) | |

ENTERED
APR 30 2002

## MEMORANDUM OPINION

This cause comes to be heard on plaintiffs Robert A. Wickersham and Catherine H. Wickersham's Motion to Remand filed on March 5, 2001.

### FACTS

On January 17, 2002, plaintiffs Robert A. Wickersham and Catherine H. Wickersham ("plaintiffs") filed a civil action against defendants Loopo, Inc. ("Loopo"), Adaptive Mobility Services, Inc. ("AMS"), AIB Financial Group, Inc. ("ABI"), and Miles Kimball Company ("Miles") in the Circuit Court of Talladega County, Alabama. In Count I of the Complaint, plaintiffs alleged that they were seriously and permanently injured when their seatbelts, which were designed, manufactured, and distributed by the defendants, failed to properly restrain them when their vehicle hydroplaned and hit a tree. In Count II, plaintiffs alleged that the defendants breached various expressed and implied warranties.

According to the "Alabama SJIS Case Detail" database, the defendants were served with copies of the summons and complaint by certified mail on the following dates: Loopo, January

20

22, 2002; AMS, January 23, 2002; AIB, January 22, 2002; Miles, January 22, 2002. Answers were served by Loopo and AIB on February 6, 2002. AMS served its answer on February 20, 2002. Miles did not file or serve any papers in state court.

On February 20, 2002, AMS filed its Petition for Removal. In its petition, AMS asserted that the court had jurisdiction over the action pursuant to 28 U.S.C. § 1332. As for the remaining defendants, AMS stated in Paragraph 5 that "[c]ounsel for Loopo, Inc., and AIB Financial Group has agreed to this petition to remove and will be filing a pleading to that effect." As for defendant Miles, AMS stated in Paragraph 6 that "[c]o defendant Miles Kimball Company has been served but has not answered but it is not expected they will object to removal of this matter." On February 27, 2002, Loopo and AIB filed a notice consenting to and joining in the petition for removal.[1] On March 1, 2002, Miles filed its notice consenting to and joining the petition. On March 5, 2002, plaintiffs filed the pending motion.

## ARGUMENTS

Plaintiffs argue that this action is due to be remanded because Miles waited to long to join the petition for removal. According to the plaintiffs, Miles had thirty days from the date it was served with the summons and complaint to remove the action or join in the petition for removal. See 28 U.S.C. § 1446(b). They note that Miles was served with a copy of the summons and complaint on January 22, 2002 and joined the petition for removal on March 1, 2002. They assert that the last date on which Miles could have joined in the petition for removal was February 21, 2002. Since Miles did not join the petition within thirty days, plaintiffs conclude that there was no unanimous consent to removal by the defendants within the

---

[1] It is not clear that these consents are timely merely because there was an earlier representation of an agreement.

statutorily prescribed time limit. Thus, plaintiffs conclude that the motion to remand is due to granted based on this procedural defect. *See In re Betheseda Memorial Hospital*, 123 F.3d 1407, 1410 (11th Cir. 1997).

In response, AMS argues that it made clear in its petition for removal that defendant Miles was not expected to object to the petition. It notes that Miles eventually did consent to the petition. Additionally, it claims that the plaintiffs filed their motion to remand in an effort to "forum shop." It asserts that the plaintiffs chose to file the civil action in their local jurisdiction in an effort to deprive the defendants of "the most fair and objective forum and potential jury venire."[2] Furthermore, it notes that the Eleventh Circuit has found that the failure of a co-defendant to timely consent to removal was not considered a defect warranting remand of a case where the interests of justice so dictate. *See Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277 (1987). Finally, AMS argues that the plaintiffs' reliance on *In re Bethesda Memorial Hospital* is misplaced. It comments that the excerpt of the opinion relied upon by the plaintiffs does not come from the decision of the court. Instead, it notes that the quoted statement of law relied upon by the plaintiffs is located in footnote two. It claims that the quoted footnote is not a statement of controlling law; but instead, is only a restatement of a remand order that was ultimately reversed as being improper.

In reply, plaintiffs contend that AMS has not presented any evidence as to why Miles failed to join in the petition for removal within the thirty day time limit. They also claim that AMS has not proffered any valid reason why the removal of this case was not procedurally defective. They note that the burden is upon the removing defendant to show that removal was

---

[2] What else is new?

3

proper and that the procedures of the removal statutes were adhered to. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1334 (5th Cir. 1995). They point out that the right to removal is a statutory privilege and that the removing party must comply with the requirements of the statute. *Relying on Edwards v. E.I. du Pont De Nemours & Co.*, 183 F.2d 165, 168 (5th Cir. 1950). Furthermore, they state that "[t]he law is clear that under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition." *Tri-Cities Newspapers, Inc. v Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970). Also, they point out that the "unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001).

The plaintiffs also argue that AMS's reliance on *Belasco* is misplaced. In support of this proposition, they note that the court in *Nathe v. Pottenberg*, 931 F. Supp. 822, 825 (M.D. Fla. 1995), held the following: "The defendants' reliance on *Belasco* is misplaced. That decision does not address the circumstances surrounding the petition for removal. Rather, the focus is upon the 'novelty, complexity, and technicality' of the federal preemption issue raised by the removal of a complicated ERISA action." Furthermore, they comment that the court in *Nathe* stated that "each defendant did not join the removal within the required 30 days. This defect in the removal notice is not cured by Hartford's later filing an answer." 931 F. Supp. at 825. In light of *Nathe* and 28 U.S.C. § 1446(b), plaintiffs conclude that their motion is due to granted because AMS has failed to meet its heavy burden that removal was proper.

## MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994). Therefore, federal courts only have power to hear cases that they have been

authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The limited nature of federal court jurisdiction has caused the Eleventh Circuit to favor remand of removed cases where federal jurisdiction is not absolutely clear. *Burns*, 31 F.3d at 1095. The removal statute is to be construed narrowly with doubt construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941).

A case may be removed from state to federal court only if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is placed on the removing party with all doubts resolved in favor of remand. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). A state court action may be removed to federal court based upon diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a), (b).

## CONCLUSIONS OF THE COURT

The court concludes that there has not been a timely consent to removal by defendant Miles Kimball Company. Even if the representations of the alleged agreements by Loopo, Inc. and AIB Financial Group are sufficient, which the court does not decide, the allegation that "it is not expected they will object" as to defendant Miles Kimball Company is clearly not sufficient. The motion to remand will be granted.

This 30 day of April 2002.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE